NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KATRINA SPARE, f/k/a Katrina Moreland, | ) ) ) Supreme Court No. S-17815 |
| Appellant, | ) ) Superior Court No. 4FA-18-02345 CI ) |
| v. | ) MEMORANDUM OPINION ) AND JUDGMENT* |
| DONALD MORELAND, | ) ) No. 1852 – October 6, 2021 |
| Appellee. | ) ) |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael A. MacDonald, Judge.

Appearances: Adam Gulkis, The Law Office of Adam Gulkis, Anchorage, for Appellant. Sandra K. Rolfe, Stepovich Law Office, Fairbanks, for Appellee.

Before: Winfree, Maassen, Carney, and Borghesan, Justices. [Bolger, Chief Justice, not participating.]

I. INTRODUCTION

A divorcing couple disputed whether real property the wife inherited from a family friend during the marriage was separate or marital. The superior court classified the property as marital. The wife appeals, arguing that the property was bequeathed as

---

*    Entered under Alaska Appellate Rule 214.

her separate property and that she did not intend to donate the property to the marriage. We affirm the superior court's decision that the property was marital when received.

## II.    FACTS AND PROCEEDINGS

Donald Moreland and Katrina Spare married in 1998. In early 2011 they and their children became close friends with David Busbin, who lived across the street. In 2014 Busbin executed a will naming Spare as personal representative of his estate and leaving her his home. After Busbin died, Spare, as personal representative, deeded the property to herself in 2016. The family lived at that property, and they completed repairs and upgrades.

Moreland and Spare separated in July 2018, and Moreland later filed for divorce. The superior court entered a divorce decree and resolved custody issues in December 2019. A bench trial was held in February 2020 to resolve property distribution issues.

The most significant dispute was over classification of the Busbin property. Spare asserted that the property was her separate inheritance, as evidenced by the deed conveying the property into her name. Moreland contended the property was marital because Busbin's intent was to devise it to the Moreland family, despite Busbin's will naming only Spare. The superior court announced the bulk of its ruling from the bench and later issued a more detailed written order. The court started its ruling with a discussion of credibility, saying that it previously had found Spare less credible than Moreland and that it "continues that with regard to the property." The court described its credibility finding as "particularly important with regard to the Busbin property." The court specifically found "Moreland's description of how the parties came to acquire the Busbin property [was] more credible than . . . Spare's."

The superior court expressly found that Busbin had intended to give the property to Spare and Moreland as a family. The court also highlighted findings that

Spare and Moreland together had treated the property as a family residence. In the court's denial of Spare's motion to reconsider, it said: "[I]f as a matter of law the property must be regarded as Spare's inheritance, as a matter of fact, Spare dedicated it to the marriage." The court found that this intent was demonstrated by the following conduct:

> [W]hen the entire Moreland family mov[ed] onto the Busbin real property immediately after it was acquired, when [Spare] encouraged Moreland to financially contribute to the upkeep of the real property, when she permitted Moreland and the children to remain on the real property after she moved out, and when she permitted Moreland and the children to freely use the Busbin personal property [accompanying the realty] as they saw fit.

The court noted that the "remodels to the property" were paid for from the "family's ongoing cashflow," that Moreland was the "main earner in that period of time," and that the property's use was "completely dedicated to the family" until the separation. The court reasoned that "the only thing that would suggest that this property was not a marital property is that the deed was in . . . Spare's name."

The court divided the parties' assets based on the Busbin property being marital. Spare appeals, contending that the superior court incorrectly classified the Busbin property as marital property.

## III. STANDARD OF REVIEW

"The characterization of property as separate or marital may involve both legal and factual questions."[1] We review factual issues for clear error but legal questions de novo.[2]

---

[1]     *Odom v. Odom*, 141 P.3d 324, 330 (Alaska 2006).

[2]     *Id.*

# IV. DISCUSSION

Property acquired during a marriage is generally presumed to be marital property.[3] One exception to this rule is for property inherited solely by one spouse.[4]

Spare first argues that the superior court "invalidated . . . Busbin's will when it classified the [Busbin] property as marital." She contends that because the deed presented at trial unambiguously conveyed the Busbin property solely to her, the superior court erred as a matter of law by relying on Moreland's testimony about Busbin's intent when it classified the property as marital. Moreland asks us to defer to the superior court's factual findings that Busbin intended to give the property to the parties as a married couple and that they thereafter treated it as marital property.

We reject Spare's argument. Who holds legal title generally is not dispositive when the superior court determines whether property is separate or marital;[5] what is dispositive, as the court determined, is the factual underpinning of the property's acquisition.[6]

---

[3]    *See* AS 25.24.160(a)(4).

[4]    *See Julsen v. Julsen*, 741 P.2d 642, 648 (Alaska 1987) (interpreting "acquired" to mean gained through parties' "mutual effort and tangible contributions" during marriage); *see also Pasley v. Pasley*, 442 P.3d 738, 745 (Alaska 2019) ("Assets acquired by one spouse before marriage, property acquired by gift, and property acquired by inheritance are . . . separate assets.").

[5]    *See Wanberg v. Wanberg*, 664 P.2d 568, 572 (Alaska 1983) (holding that "[a]lthough [appellant's] name never appeared on the title . . . it was an abuse of discretion . . . to shield the property from equitable distribution"); *cf. Stanhope v. Stanhope*, 306 P.3d 1282, 1287 (Alaska 2013) ("[H]olding joint title is not determinative of intent to treat property as marital . . . ." (quoting *Johns v. Johns*, 945 P.2d 1222, 1225 (Alaska 1997))).

[6]    *See Brandal v. Shangin*, 36 P.3d 1188, 1192 (Alaska 2001) (noting that if

(continued...)

The will was not admitted into evidence at trial and was presented to the superior court only with Spare's reconsideration motion.[7]  But there is no real dispute that the will was probated and that it reads, in relevant part:  "I devise my home . . . to [Spare], [if] she shall survive me."  And there can be no dispute that the personal representative's deed conveys the property to only Spare.  But that is not the end of the inquiry.

The superior court heard evidence about the relationship between Moreland and Spare's family and Busbin, about the reasons for Busbin's gift, and about the reasons Busbin's gift was structured as a conveyance to Spare.  The court made findings that Moreland was credible and Spare was not.  The court specifically found Moreland more credible in describing how Busbin's intent was to gift his property to the family but, due to Moreland's health concerns, named only Spare because Busbin, Spare, and Moreland wanted to avoid the possibility of multiple probate proceedings.  Spare does not argue that the court made evidentiary errors when accepting and considering this evidence or that the court's findings are clearly erroneous, and Spare's argument that the property was titled solely in her name does not rebut the court's finding about Busbin's intent.

There is no basis to conclude that Spare's bare legal title to the property mandates as a matter of law that the property is Spare's separate property.  The court's

---

[6]    (...continued)
property were an inherited gift, record supported factual finding that "the gift was given to both parties"); *see also Julsen*, 741 P.2d at 648 n.9 ("Property inherited by both spouses jointly . . . constitutes marital property subject to division.").

[7]    *Cf. Neal & Co. v. Ass'n of Vill. Council Presidents Reg'l Hous. Auth.*, 895 P.2d 497, 506 (Alaska 1995) (describing purpose of reconsideration motion as "to remedy mistakes in judicial decision-making where grounds exist," but not as "a means to seek an extension of time for the presentation of additional evidence on the merits of the claim").

factual findings fully support its determination that the property was marital when received.[8]

## V.    CONCLUSION

The superior court's characterization of the Busbin property as marital is AFFIRMED.

---

[8]    We therefore do not consider Spare's argument that the superior court erred in its transmutation analysis.